**AAA STORAGE CO., Inc., et al., Plaintiffs,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants.**

No. 65-21.

United States District Court
S. D. California,
Central Division.

Aug. 12, 1965.

Galland, Kharasch, Calkins & Lippman, Washington, D. C., and Chase, Rotchford, Downen & Drukker and James J. McCarthy, Los Angeles, Cal., for plaintiffs.

Denning & Wohlstetter and Ernest H. Land, Washington, D. C., and Munger, Tolles, Hills & Olson, Los Angeles, Cal., for intervenor, Wheaton Van Lines, Inc.

Manuel L. Real, U. S. Atty., Los Angeles, Cal., William H. Orrick, Jr., John H. D. Wigger, Dept. of Justice, Robert W. Ginnane and Fritz R. Kahn, Asst. Gen. Counsel, I.C.C., Washington, D. C., for defendants.

Before ELY, Circuit Judge, and WHELAN and HALL, District Judges.

PER CURIAM.

This action was brought by plaintiffs, motor common carriers of household goods operating in interstate commerce pursuant to certificates of public convenience and necessity issued by the Interstate Commerce Commission, to enjoin, set aside, annul and suspend orders entered by the Interstate Commerce Commission in administrative proceedings identified as Ex Parte NC–19, Practices of Motor Common Carriers of Household Goods, and Ex Parte MC–61, Released Rates of Motor Common Carriers of Household Goods (including Released Rates Order No. MC–505), 95 M.C.C. 138 and 96 M.C.C. 196.

The Commission's orders are reviewable in this Court under the provisions of 28 U.S.C. 1336, 1398, 2284, and 2321–2325, inclusive, Section 17(9) of the Interstate Commerce Act, 49 U.S.C. 17(9), and under Section 10 of the Administrative Procedure Act, 5 U.S.C. 1009.

Wheaton Van Lines, Inc., with leave of the Court, has intervened, seeking to uphold the orders of the Interstate Commerce Commission.

The plaintiffs have challenged the action of the Interstate Commerce Commission on several grounds and in several particulars. All of such challenges are rejected save one.

Section 20(11) of the Interstate Commerce Act, 49 U.S.C. 20(11), (made applicable to motor common carriers including plaintiffs by Section 219 of the Interstate Commerce Act, 49 U.S.C. 319) provides:

"* * * *Provided, however,* That the provisions hereof respecting liability for full actual loss, damage, or injury, notwithstanding any limitation of liability or recovery or representation or agreement or *release as to value,* and declaring any such limitation to be unlawful and void, shall not apply, * * * second, to property, except ordinary livestock received for transportation concerning which the carrier shall have been or shall hereafter be expressly authorized or required by order of the Interstate Commerce Commission to establish and maintain *rates dependent upon the value* declared in writing by the shipper or agreed upon in writing as the *released value* of the property, in which case such declaration or agreement shall have no other effect than to limit liability and recovery to an amount not exceeding the *value so declared or released,* and shall not, as far as *relates to values,* be held to be a violation of section 10 of this title; and any tariff schedule which may be filed with the commission pursuant to such order shall contain specific reference thereto and may establish *rates varying with the value* so declared and agreed upon; and the commission is hereby empowered to make such order in cases where *rates dependent upon and varying with declared or agreed*

*values* would, in its opinion, be just and reasonable under the circumstances and conditions surrounding the transportation * * *." (Emphasis added.)

By its Order No. MC–505 the Interstate Commerce Commission provided for released rates for the shipment of household goods in interstate commerce as follows:

| "Released Values and Liability Limitations | Transportation Rate Basis | Storage in Transit Rate Basis |
| --- | --- | --- |
| Released to a value not exceeding sixty (60) cents per pound for the actual weight of any lost or damaged article or articles in a shipment. | Base transportation rate. | Base storage rates. |
| Released to a value greater than sixty (60) cents per pound per article. | Base transportation rate plus an additional charge of fifty (50) cents per cwt. | 110% of the base storage rates. |

Where a shipment is released to a value greater than sixty (60) cents per pound per article, the carrier's maximum liability shall be $10,000 per shipment, or the total value declared, whichever is greater."

By amendment of October 9, 1964, the Commission revised its previous Order No. MC–505 to provide a further compensation in the form of a charge of $5.00 per $1,000 of value over the first $10,000.

With respect to the rate per cwt. over and above the base rate to be charged by a carrier under Order No. MC–505 to a shipper where the carrier is to be liable for the shipper's actual loss up to an amount of $10,000, Order No. MC–505 establishes a rate which plainly is not "dependent upon or varying with declared or agreed values," as required by the Act.

We therefore hold that Order No. MC–505 is void in its fixing of the rate of fifty (50) cents per cwt. to be charged by the carrier for liability of the carrier for actual loss to the shipper, released to a value greater than sixty (60) cents per pound per article, up to a total of $10,000 per shipment. The rate to be charged under the order for liability for actual loss to the shipper in an amount to exceed $10,000 insofar as that rate is predicated upon the rate for liability for actual loss up to $10,000 is also void.

In all other respects the Court holds that the action of the Commission complained of is valid.

The matter is remanded to the Interstate Commerce Commission for further consideration and proceedings consistent herewith, and in the meanwhile the present injunction will remain in force, subject to dissolution on motion at the conclusion of such remanded proceedings.